# In the United States Court of Appeals for the Fifth Circuit

NORCAVE PROPERTIES, LLC,

*Plaintiff-Appellant,*

v.

INTERNAL REVENUE SERVICE,

*Defendant-Appellee.*

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION, NO. 2:25-CV-00398

———————————

OPENING BRIEF OF PLAINTIFF-APPELLANT

———————————

Meeren Amin
Fox Rothschild LLP
2020 K Street NW
Suite 500
Washington, DC 20011
(202) 794-1271

Kip D. Nelson
Fox Rothschild LLP
230 N. Elm Street
Suite 1200
Greensboro, NC 27401
(336) 378-5200

*Counsel for Appellant*

# CERTIFICATE OF INTERESTED PERSONS

No. 25-30542, Norcave Properties, LLC v. Internal Revenue Service

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Plaintiff-Appellant**
Norcave Properties, LLC

**Counsel for Plaintiff-Appellant**
Meeren Amin
Kip D. Nelson
Fox Rothschild LLP

**Defendant-Appellee**
Internal Revenue Service

**Counsel for Defendant-Appellee**
Bensen V. Solivan
U.S. Department of Justice, Tax Division


/s/ Kip D. Nelson
Kip D. Nelson

*Attorney of record for Appellant*

## STATEMENT REGARDING ORAL ARGUMENT

This appeal involves a question of first impression for the Court: whether the Seventh Amendment right to a jury trial applies to the assertion of fraud and valuation penalties by the Internal Revenue Service. The case also raises the scope of the Tax Anti-Injunction Act in light of recent precedent from the Supreme Court. Because of the novel issues involved, Appellant Norcave Properties, LLC respectfully requests oral argument.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS .........................................i

STATEMENT REGARDING ORAL ARGUMENT ................................. ii

TABLE OF CONTENTS ............................................................. iii

TABLE OF AUTHORITIES...................................................... v

JURISDICTIONAL STATEMENT ...............................................1

STATEMENT OF ISSUE PRESENTED .................................2

INTRODUCTION...................................................................3

STATEMENT OF THE CASE ................................................4

    A.    Statement of Facts ................................................4

    B.    Procedural History .................................................5

SUMMARY OF THE ARGUMENT ........................................6

STANDARD OF REVIEW.......................................................6

ARGUMENT ........................................................................7

    I.    The district court erred in dismissing the case for lack of subject matter jurisdiction......................................................7

        A.    Exercising a constitutional right does not restrain the collection or assessment of tax ..............................7

        B.    Norcave has no alternative legal way to vindicate its constitutional right .................................16

    II.    The district court erred in depriving Norcave of its constitutional right to a jury trial........................................18

      A.    The parties agree that the penalties are legal in nature ...........................................................................20

      B.    The public rights exception does not supersede the Seventh Amendment....................................................24

CONCLUSION ..........................................................................28

CERTIFICATE OF SERVICE................................................30

CERTIFICATE OF COMPLIANCE.......................................31

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*AT&T, Inc. v. FCC,*
149 F.4th 491 (5th Cir. 2025) ................................................... *passim*

*Barr v. SEC,*
114 F.4th 441 (5th Cir. 2024) ............................................................ 8

*Bob Jones Univ. v. Simon,*
416 U.S. 725 (1974) ................................................................... 8, 14

*CIC Servs., LLC v. IRS,*
593 U.S. 209 (2021) ................................................................ 11, 13

*City of Morgantown  v. Royal Ins. Co.,*
337 U.S. 254 (1949) ............................................................................. 3

*Dimick v. Schiedt,*
293 U.S. 474 (1935) .......................................................................... 3

*Direct Mktg. Ass'n v. Brohl,*
575 U.S. 1 (2015) ....................................................................... 9, 12

*Granfinanciera, S. A. v. Nordberg,*
492 U.S. 33 (1989) ......................................................................... 20

*Green Rock LLC v. IRS,*
104 F.4th 220 (11th Cir. 2024) ...................................................... 12

*Harper v. Rettig,*
46 F.4th 1 (1st Cir. 2022) ............................................................... 18

*Harward v. City of Austin,*
84 F.4th 319 (5th Cir. 2023) .......................................................... 12

*Hibbs v. Winn,*
542 U.S. 88 (2004) ............................................................................. 9

*Hodges v. Easton*,
106 U.S. 408 (1882) ............................................................ 19

*Johnson v. Miller*,
126 F.4th 1020 (5th Cir. 2025) ............................................ 6

*Linn v. Chivatero*,
714 F.2d 1278 (5th Cir. 1983) ....................................... 17, 18

*Miller v. Standard Nut Margarine Co. of Fla.*,
284 U.S. 498 (1932) ............................................................ 18

*Nat'l Fed'n of Indep. Bus. v. Sebelius*,
567 U.S. 519 (2012) ..................................................... 10, 11

*New Jersey v. Bessent*,
149 F.4th 127 (2d Cir. 2025) .............................................. 16

*NLRB v. Starbucks Corp.*,
--- F.4th ---, 2025 WL 3089798 (6th Cir. Nov. 5, 2025) ...... 21

*Richards v. United States*,
369 U.S. 1 (1962) ............................................................... 10

*Seago v. O'Malley*,
91 F.4th 386 (5th Cir. 2024) ................................................ 8

*SEC v. Jarkesy*,
603 U.S. 109 (2024) .................................................. *passim*

*Silver Moss Props., LLC v. Comm'r*,
165 T.C. No. 3 (Aug. 21, 2025) .......................................... 14

*South Carolina v. Regan*,
465 U.S. 367 (1984) ........................................................... 16

*Sun Valley Orchards, LLC v. U.S. DOL*,
148 F.4th 121 (3d Cir. 2025) .............................................. 22

*Texas v. Google LLC*,
787 F. Supp. 3d 357 (E.D. Tex. 2025) ................................ 22

*Thomas v. Humboldt Cnty.*,
--- U.S. ---, 2025 WL 2906470 (Oct. 14, 2025)....................................23

*In re Tsay JBR LLC*,
136 F.4th 1176 (9th Cir. 2025) .........................................................22

*United States v. Kaluza*,
780 F.3d 647 (5th Cir. 2015).............................................................8

*United States v. Koutsostamatis*,
956 F.3d 301 (5th Cir. 2020)............................................................10

*United States v. McMahan*,
569 F.2d 889 (5th Cir. 1978)............................................................26

*United States v. Rainey*,
757 F.3d 234 (5th Cir. 2014)............................................................10

*United States v. Sagoo*,
No. 4:24-CV-01159-O, 2025 WL 2689912 (N.D. Tex. Sept. 19, 2025).................................................................... 23, 24, 28

*Utah v. Su*,
109 F.4th 313 (5th Cir. 2024) ..........................................................23

*In re Westmoreland Coal Co.*,
968 F.3d 526 (5th Cir. 2020).....................................................16, 18

*Williams v. Taylor*,
529 U.S. 420 (2000)..........................................................................9

*Wulferic, LLC v. U.S. FDA*,
793 F. Supp. 3d 830 (N.D. Tex. 2025)..............................................15

**Statutes**

26 U.S.C. § 6662 ..............................................................5, 21, 27

26 U.S.C. § 6663 ..................................................................5, 21

26 U.S.C. § 6664 ........................................................................27

26 U.S.C. § 6671 ................................................................ 11

26 U.S.C. § 7421 ............................................................ 8, 9

28 U.S.C. § 1291 ................................................................ 1

28 U.S.C. § 1294 ................................................................ 1

28 U.S.C. § 1331 ................................................................ 1

28 U.S.C. § 1341 .............................................................. 12

28 U.S.C. § 1343 ................................................................ 1

28 U.S.C. § 1361 ................................................................ 1

28 U.S.C. § 2201 ................................................................ 8

**Other Authorities:**

U.S. Const. amend. VII ................................................ *passim*

26 C.F.R. § 301.6226-3 ................................................... 27

*IRS 'Targeting' Angers Conservative Groups*, Christian
    Century (June 12, 2013) ........................................ 15

Joshua D. Holedenried, *The IRS's Persecution of a Christian
    Nonprofit Should Terrify All of Us*, N.Y. Post (July 21,
    2021) ..................................................................... 16

*Purpose, Black's Law Dictionary* (12th ed. 2024) .................. 9

*Restrain, Black's Law Dictionary* (12th ed. 2024) .................. 9

# JURISDICTIONAL STATEMENT

This case involves the plaintiff's right to a jury trial under the Seventh Amendment to the United States Constitution. The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1361. The district court's final judgment was entered on August 25, 2025. (ROA.126). The plaintiff timely appealed on September 24, 2025. (ROA.127). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294.

**STATEMENT OF ISSUE PRESENTED**

Did the district court err in dismissing the complaint and holding that Norcave Properties, LLC was not entitled to a jury trial to defend against penalties asserted by the IRS?

# INTRODUCTION

"Trial by jury is a vital and cherished right, integral in our judicial system." *City of Morgantown v. Royal Ins. Co.*, 337 U.S. 254, 258 (1949). It is "'of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right' has always been and 'should be scrutinized with the utmost care.'" *SEC v. Jarkesy*, 603 U.S. 109, 121 (2024) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)). The denial of that right was a primary reason the Framers justified breaking from England. *See id.* They ensured that the right received explicit constitutional protection by enshrining it in the Seventh Amendment's text. *See* U.S. Const. amend. VII. And since that time, "every encroachment upon it has been watched with great jealousy." *Jarkesy*, 603 U.S. at 122.

Appellant Norcave Properties, LLC seeks to vindicate that right here. The parties agree that the IRS asserted fraud and valuation penalties without permitting a jury trial to determine whether Norcave is liable for those penalties. This approach is contrary to the Seventh Amendment, as interpreted by both the Supreme Court and this Court.

The district court erred in dismissing the case and depriving Norcave of its constitutional right.

## STATEMENT OF THE CASE

### A.    Statement of Facts

Norcave owns property in Louisiana.  (ROA.7 ¶ 4; ROA.60 ¶ 4).  In 2018, Norcave donated both cash and a conservation servitude on its property to a charitable organization.  (ROA.7 ¶ 9; ROA.61 ¶ 4).  Because Congress provided a tax deduction for such donations, Norcave reported a deduction for the donations on its tax return.  (ROA.7 ¶ 10; ROA.61 ¶ 10).

But the IRS does not like these types of donations.  *See, e.g.*, *Rajagopalan v. Comm'r*, 120 T.C.M. (CCH) 355, at *1 (2020).  So on January 17, 2025, the IRS issued a notice to Norcave disallowing its reported charitable deductions and seeking to impose tax that the IRS believed was not paid.  (ROA.6-7 ¶¶ 2, 11; ROA.60-61 ¶¶ 2, 11).  Separate and apart from the tax, the IRS also asserted penalties against Norcave.  (ROA.7 ¶ 14; ROA.62 ¶ 14).  Specifically, the IRS sought to impose millions of dollars in civil fraud penalties, gross valuation penalties,

negligence penalties, and substantial understatement of income tax penalties.  (ROA.7-8 ¶¶ 15-16; ROA.62 ¶5 14-16).

The parties agree that the fraud penalties that the IRS sought to impose (under 26 U.S.C. § 6663) are civil and legal in nature; they are not based in equity or admiralty.  (ROA.8 ¶¶ 23, 25; ROA.63 ¶¶ 23, 25).  Similarly, the parties agree that the valuation penalties that the IRS sought to impose (under 26 U.S.C. § 6662) are civil and legal in nature; they are not based in equity or admiralty.  (ROA.9 ¶¶ 31, 33; ROA.63 ¶¶ 31, 33).  As Norcave alleged, the penalties are intended, at least in part, to punish Norcave.  (ROA.8-9 ¶¶ 24, 32).

It is also undisputed that regardless of whether Norcave challenges the IRS's attempted imposition of penalties in the Tax Court, the Court of Federal Claims, or a United States District Court, it will not have the opportunity for a jury trial.  (ROA.8 ¶ 19; ROA.62 ¶ 19).

**B.  Procedural History**

Norcave filed the complaint in this matter on March 27, 2025, requesting declaratory and injunctive relief related to its right to a jury trial.  (ROA.6-11).  The IRS answered on June 6, 2025.  (ROA.60-65).

Norcave then filed a motion for judgment on the pleadings. (ROA.70). The IRS responded to the motion. (ROA.83-84).

The district court granted judgment on the pleadings for the IRS and entered a final judgment dismissing the complaint. (ROA.120-26). Norcave timely appealed to this Court. (ROA.127).

## SUMMARY OF THE ARGUMENT

The district court erroneously dismissed this case based on two statutes that prohibit courts from interfering with the collection of taxes. But this case is not about whether the IRS has authority to impose taxes, collect taxes, or disallow deductions. Instead, this case asks only whether Norcave has the Seventh Amendment right to a jury trial on monetary penalties levied by a government agency. Binding precedent says yes, and the IRS cannot show otherwise. The district court erred in dismissing the action.

## STANDARD OF REVIEW

A district court's ruling on a Rule 12(c) motion for judgment on the pleadings is reviewed de novo. *Johnson v. Miller*, 126 F.4th 1020, 1026 (5th Cir. 2025).

# ARGUMENT

The Supreme Court and this Court have made clear that executive agencies cannot avoid the Seventh Amendment when they impose penalties. Instead, the Constitution requires them to act within the boundaries of Article III courts. Here, the IRS attempted to impose civil fraud penalties and valuation misstatement penalties while denying Norcave a trial by jury. But these penalties are legal in nature. Thus, the Seventh Amendment requires that Norcave receive a jury trial, and the district court erred in holding otherwise.

## I. The district court erred in dismissing the case for lack of subject matter jurisdiction.

In resolving Norcave's suit, this Court need not decide the validity of the taxes or penalties, whether Norcave must pay the taxes or penalties, or whether the IRS should be permitted to assess the taxes or penalties. The district court's assumptions otherwise were incorrect.

### A. Exercising a constitutional right does not restrain the collection or assessment of tax.

The constitutional right to a jury trial is not thrown aside by the AIA. The statute provides that with certain exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be

maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Likewise, the Declaratory Judgment Act states that it does not apply "with respect to Federal taxes."[1] 28 U.S.C. § 2201(a). The operative question is whether this suit is "for the purpose of restraining the assessment or collection of any tax." It is not. Both the statutes' plain meaning and binding case law require that conclusion.

"When addressing issues of statutory interpretation, our first step is determining whether the statutory text is 'plain and unambiguous.'" *Seago v. O'Malley*, 91 F.4th 386, 390 (5th Cir. 2024) (quoting *United States v. Kaluza*, 780 F.3d 647, 658 (5th Cir. 2015). In assessing the text, a statute's words are given "their 'ordinary, contemporary, common meaning,' absent an indication Congress intended them to bear some different import." *Barr v. SEC*, 114 F.4th 441, 448 (5th Cir. 2024)

---

[1] There is some uncertainty about the scope of the statement in the Declaratory Judgment Act, although a number of courts "have held that the federal tax exception to the Declaratory Judgment Act and the Anti-Injunction Act have coterminous application." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974). However, the Court need not reach that issue in this case because neither the district court nor the IRS has taken the position that the two should be interpreted differently.

(quoting *Williams v. Taylor*, 529 U.S. 420, 431 (2000)), *cert. denied*, No. 24-1233, 2025 WL 2823795 (U.S. Oct. 6, 2025).

Here, the AIA's text only prohibits suits brought "for the purpose of restraining the assessment or collection of any tax."  26 U.S.C. § 7421(a). A "purpose" is "an objective, goal, or end," and "restrain" means to prohibit action.  *Purpose, Black's Law Dictionary* (12th ed. 2024); *Restrain, Black's Law Dictionary* (12th ed. 2024).  Assessment "refers to the official recording of a taxpayer's liability," and "'collection' is the act of obtaining payment of taxes due" after a formal assessment.  *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 9, 10 (2015).  In addition, the word "restrain" in this context has a narrow meaning, and "a suit cannot be understood to 'restrain'" the assessment or collection of a tax "if it merely inhibits those activities."  *Id.* at 13, 14; *see also Hibbs v. Winn*, 542 U.S. 88, 106-07 (2004) (holding that the state-law analogue to the AIA applies when a taxpayer is seeking to "reduce the flow of . . . tax revenue," not to keep matters of taxes free from judicial "interference").

With these definitions in mind, the AIA's language is clear:  it applies only to actions that are brought with the objective or goal of prohibiting the imposition of a tax.  The statute does not apply here,

because the instant action does not seek to restrain the assessment or collection of taxes.

To be sure, the AIA was designed to "protect[] the Government's ability to collect a consistent stream of revenue, by barring litigation to enjoin or otherwise obstruct the collection of taxes." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 543 (2012). But that general purpose does not broaden the statute to encompass suits falling outside its plain language. After all, "the best guide to what Congress intends" in a statute is "what Congress says in [the] statute's text." *United States v. Koutsostamatis*, 956 F.3d 301, 310 (5th Cir. 2020). Thus, "a statute's purpose may not override its plain language." *United States v. Rainey*, 757 F.3d 234, 245 (5th Cir. 2014) (citing *Richards v. United States*, 369 U.S. 1, 9, (1962)).

Here, Norcave's suit does not fall within the plain language of the AIA. All Norcave seeks is the protection of its constitutional right to have a jury decide if it owes penalties. Whether a jury should decide this issue is ultimately a question of procedure—albeit one with constitutional implications. Even so, its resolution has no bearing on the merits question of whether an underlying tax can or cannot be levied. Because

this suit is not brought to prohibit the imposition of a tax, it does not fall within the scope of the AIA.

The Declaratory Judgment Act is even more straightforward. That Act is not found in Title 26, like the AIA, so the language of 26 U.S.C. § 6671(a) expounding the scope of a "penalty" is inapplicable. Thus, there can be no assumption for purposes of the Declaratory Judgment Act that the penalties challenged here constitute a tax. The Declaratory Judgment Act simply does not bar Norcave's suit. *See Sebelius,* 567 U.S. at 544-45 (applying the same reasoning for the individual mandate under the Affordable Care Act).

Moreover, the Supreme Court has endorsed this plain-text interpretation of the AIA. *See CIC Servs., LLC v. IRS*, 593 U.S. 209 (2021). In *CIC Services*, the Supreme Court addressed the issue of whether the AIA precludes suits unrelated to the assessment or collection of taxes. *Id.* at 214. Rejecting the government's AIA argument, the Court permitted a suit to go forward that challenged IRS Notice 2016-66. *Id.* at 214. Like the attempted imposition of penalties here, IRS Notice 2016-66 also subjected taxpayers "to stiff penalties." *Id.* But the Supreme Court explained that if a suit is not brought for the specific purposes

listed in the AIA—restraining the assessment or collection of any tax—then the suit "can go forward." *Id.* at 216. In other words, the Supreme Court reiterated in *CIC Services* that the AIA is "keyed to the acts of assessment [and] collection themselves." *Id.* at 217.

The *CIC Services* decision was important; it was a change to "the legal landscape" and confirmed that the AIA does not apply when a suit "is not to oppose the collection of a tax." *Green Rock LLC v. IRS*, 104 F.4th 220, 224 (11th Cir. 2024). This Court recognized *CIC Services* and its effect. *See Harward v. City of Austin*, 84 F.4th 319 (5th Cir. 2023) (per curiam). Although this Court's analysis was focused on the state equivalent to the AIA in 28 U.S.C. § 1341, *Harward* is still relevant because it distinguished between requested relief that stops "the assessment, levy, or collection" of taxes and a suit in which "the relief would do so only indirectly."[2] *Id.* at 323. The question is not simply whether the case could have some effect on tax collection. Rather, "a court must make a more exacting examination to determine from the face

---

[2] Courts generally interpret the AIA and its state-law analogue in the same way. *See, e.g.*, *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 8 (2015) ("We assume that words used in both Acts are generally used in the same way, and we discern the meaning of the terms in the AIA by reference to the broader Tax Code.").

of the taxpayers' complaint whether the target of a requested injunction is a tax obligation." *Id.* (internal quotations omitted). Applying that standard, the Court in *Harward* held that the plaintiffs could not "directly challenge the state's taxing power." *Id.* at 324-25. On the other hand, the plaintiffs *could* challenge "a separate legal mandate, not a tax." *Id.* at 324 (internal quotation omitted).

In this suit, as in *CIC Services*, Norcave "targets the upstream" imposition of penalties without the right to a jury trial, "not the downstream tax." *See* 593 U.S. at 223. Norcave's suit targets its constitutional right to defend against the assertion of penalties, not the IRS's right to assess taxes themselves. Indeed, Norcave's requested relief "does not run against a tax at all" but rather "contests, and seeks relief from, a separate legal mandate." *See id.*

As the IRS itself pointed out below, "we inquire *not* into a taxpayer's subjective motive, but into the action's objective aim—essentially, the relief the suit requests." (ROA.96-97 (quoting *CIC Servs.*, 593 U.S. at 217)). Here, Norcave simply asks whether a jury gets to decide if the IRS may impose penalties on Norcave. Because the suit does not concern restraining the assessment of taxes, the AIA and the corresponding

limitation in the Declaratory Judgment Act do not apply. Indeed, the Supreme Court has even noted that the AIA's history did not include barring "extraordinary and exceptional circumstances" such as "pre-enforcement injunctive suits against tax statutes that were viewed as penalties or as adjuncts to the criminal law." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 742-43 (1974). Norcave brought such an injunctive suit here to prevent the imposition of penalties in violation of the Constitution.

The IRS also asserted below that without a jury trial, Norcave might still have "a remedy" of filing a petition in Tax Court. (ROA.98). But the IRS's argument merely proves Norcave's point. Tax Court does not provide taxpayers with the right to a jury trial. *Silver Moss Props., LLC v. Comm'r*, 165 T.C. No. 3 (Aug. 21, 2025). Yet the Seventh Amendment guarantees Norcave a jury trial before the IRS's penalties can be imposed. Thus, this action is the only means Norcave has to vindicate its constitutional right.

To be clear, Norcave is not seeking to stop tax collection at all. Nor is Norcave seeking to reduce the flow of tax revenue. The only question presented in this case is whether Norcave has a constitutional right to a

jury trial to determine whether penalties should be imposed.  The district court erred in holding that it lacked jurisdiction to answer that question. The suit does not ask whether the IRS can collect taxes but rather who gets to impose penalties.  That is not a restraint on the collection of taxes. Instead, "a Seventh Amendment challenge is necessarily a challenge to the *forum* in which the action is being adjudicated."  *Wulferic, LLC v. U.S. FDA*, 793 F. Supp. 3d 830, 843 (N.D. Tex. 2025).

Indeed, the district court's holding has troubling implications for anyone seeking to enjoin unconstitutional behavior.  For example, if the IRS wanted to direct its resources to taxpayers with a certain ideology, the district court's holding would prevent injunctive relief.[3]  Or if the IRS wanted to target faith-based organizations, the district court's holding would preclude anyone from stopping them.[4]  Nothing in the AIA or the Declaratory Judgment Act supports such an outcome.

---

[3] *See, e.g.*, *IRS 'Targeting' Angers Conservative Groups*, Christian Century (June 12, 2013).

[4] *See, e.g.*, Joshua D. Holedenried, *The IRS's Persecution of a Christian Nonprofit Should Terrify All of Us*, N.Y. Post (July 21, 2021).

**B.    Norcave has no alternative legal way to vindicate its constitutional right.**

Even if this suit could be considered an action regarding taxes, the Supreme Court has also held that the AIA "was not intended to bar an action" where a plaintiff has no "alternative legal way" to bring the challenge. *South Carolina v. Regan*, 465 U.S. 367, 373 (1984); *see also id.* at 378 (reiterating that the AIA's "purpose and the circumstances of its enactment indicate that Congress did not intend the Act to apply to actions brought by aggrieved parties for whom it has not provided an alternative remedy"). Likewise, this Court has confirmed that "when no alternative avenue for federal court jurisdiction exists, the AIA will not bar a suit to restrain tax collection." *In re Westmoreland Coal Co.*, 968 F.3d 526, 535 (5th Cir. 2020). In other words, the AIA does not apply when a plaintiff is otherwise "without *any* forum" to assert its claims. *New Jersey v. Bessent*, 149 F.4th 127, 143 (2d Cir. 2025).

One such situation is when the plaintiff is asserting that the IRS is acting in violation of a constitutional right. For example, this Court held that taxpayers could seek injunctive relief against the IRS when the taxpayers based their claims on the Fourth and Fifth Amendments. *Linn v. Chivatero*, 714 F.2d 1278 (5th Cir. 1983). Alleging a constitutional

violation by itself "does not mean that the Anti-Injunction Act is inapplicable," but "the fact that IRS agents, rather than some other government officials, were allegedly responsible for the constitutional violation does not deprive us of the power to remedy that violation where the agents' status as tax officials is incidental to the underlying complaint." *Id.* at 1282. As this Court noted, if an Article III court did not have jurisdiction to address a plaintiff's constitutional claims against the IRS, "there may be no forum available for his complaint." *Id.* at 1283. Because the primary purpose of the suit in *Linn* was not restraint of a tax assessment, the AIA did not apply. *Id.* at 1284. The Court even noted that attempting "to bring every IRS action within the Act's scope" would be inconsistent "with the courts' insistence on the availability of a remedy for the violation of constitutional rights." *Id.* at 1285.

Other circuits agree. In *Harper v. Rettig*, the plaintiff sued the IRS "for injunctive relief and monetary damages, alleging that the third-party summons process violated his constitutional rights." 46 F.4th 1, 2-3 (1st Cir. 2022). The district court dismissed the action under the AIA, but the First Circuit disagreed. It explained that activities within the category of information gathering are different "from acts of assessment and

collection." *Id.* at 8. And the AIA only applies "in suits involving assessment and collection." *Id.*

Here, as in *Linn*, the issue is Norcave's constitutional right, not its tax liability. *See* 714 F.2d at 1285. Because an Article III court is the only place a taxpayer can vindicate its right to a jury trial, the AIA does not bar a proceeding seeking to do so. *Westmoreland Coal*, 968 F.3d at 536; *see also Miller v. Standard Nut Margarine Co. of Fla.*, 284 U.S. 498, 509 (1932) (reaffirming "the rule that, in cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector").

The IRS's authority to collect taxes and interest is not an issue before the Court. This suit only relates to a taxpayer's right to a jury trial when the IRS asserts penalties. The district court erred in relying on the AIA and the Declaratory Judgment Act to dismiss the case.

## II. The district court erred in depriving Norcave of its constitutional right to a jury trial.

On the merits, Norcave has a right to defend against the IRS's assertion of penalties before a jury. The Seventh Amendment to the

United States Constitution dictates that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." As it "has been often said by" the Supreme Court, "the trial by jury is a fundamental guaranty of the rights and liberties of the people." *Hodges v. Easton*, 106 U.S. 408, 412 (1882). Most recently, the Supreme Court held that the SEC violated the Seventh Amendment by imposing fraud penalties through an internal enforcement action. *Jarkesy*, 603 U.S. at 120-21. The Court reiterated that a party "facing a fraud suit has the right to be tried by a jury of his peers before a neutral adjudicator." *Id.* at 140.

This Court followed the Supreme Court's lead and held that monetary penalties asserted by the FCC were also a legal remedy and therefore required determination by a jury. *AT&T, Inc. v. FCC*, 149 F.4th 491, 494 (5th Cir. 2025), *pet. for cert. filed*, No. 25-406 (Oct. 6, 2025).[5] There, the FCC engaged in an internal investigation, concluded that the plaintiff had violated federal law, and asserted $57 million in penalties. *Id.* at 496. Because the penalties were "money damages designed to

---

[5] This opinion replaced a previous opinion reported at *AT&T, Inc. v. FCC*, 135 F.4th 230 (5th Cir. 2025).

'punish or deter' violators," this Court deemed them subject to the Seventh Amendment. *Id.* at 498. That conclusion was reinforced by the claim at issue being "analogous to common law negligence." *Id.* Thus, the Court held that the FCC could only enforce the law "consistent with our Constitution's guarantees of an Article III decisionmaker and a jury trial." *Id.* at 503.

Based on this binding precedent, Norcave likewise has a right to defend against the IRS's asserted penalties to a jury.

### A.     The parties agree that the penalties are legal in nature.

The Seventh Amendment applies to penalties that are "not of equity or admiralty jurisdiction." *Jarkesy*, 603 U.S. at 122. In other words, the right applies to claims that are "legal in nature." *Id.* (citing *Granfinanciera, S. A. v. Nordberg*, 492 U.S. 33, 53 (1989)); *see also NLRB v. Starbucks Corp.*, --- F.4th ---, 2025 WL 3089798, at *13 (6th Cir. Nov. 5, 2025) (describing *Jarkesy* as holding that "the Seventh Amendment guarantees the right to a jury trial whenever an agency seeks civil penalties or pursues common law actions"). A claim is "legal in nature" if 1) it resembles common law causes of action and 2) the remedy is the

sort that was traditionally obtained in a court of law. *Jarkesy*, 603 U.S. at 122-23.

Here, the IRS admitted that the penalties asserted against Norcave are civil and legal in nature. (ROA.63 ¶¶ 23, 25, 31, 33). The IRS's concession makes sense, because "actions by the Government to recover civil penalties under statutory provisions historically had been viewed as a type of action in debt requiring trial by jury." *Jarkesy*, 603 U.S. at 122 (cleaned up). Money damages, even if they are imposed by statute, "are the prototypical common law remedy." *Id.* at 123.

The same is true of the penalties at issue here. The IRS's civil fraud penalty is equal to 75% of a taxpayer's underpayment of tax. 26 U.S.C. § 6663(a). According to the statute's title, this amount is a "fraud penalty," differentiated from a tax obligation. *Id.* The IRS also sought to impose a "penalty" on Norcave for underpayment of tax attributable to a valuation misstatement. (ROA.7-8 ¶¶ 14, 16; ROA.62 ¶¶ 14, 16). As with the fraud penalty, this amount is not a tax, but instead an accuracy-related penalty. 26 U.S.C. § 6662. Such penalties are common-law remedies. *Jarkesy*, 603 U.S. at 125.

Further, the penalties are designed to punish or deter the alleged wrongdoer. Remedies that are punitive, rather than remedial, are those traditionally obtained in a court of law and are encompassed within the Seventh Amendment. *AT&T*, 149 F.4th at 498, 502. Only courts of law have traditionally "issued monetary penalties to punish culpable individuals." *Jarkesy*, 603 U.S. at 123 (internal quotation omitted). That is why courts following *Jarkesy* have repeatedly deemed civil penalties to be legal in nature and therefore subject to the Seventh Amendment. *See, e.g.*, *In re Tsay JBR LLC*, 136 F.4th 1176, 1180 (9th Cir. 2025) (holding that a defendant was entitled to a jury trial because the relief sought under a California statute was "a penalty that advances punitive and deterrent purposes"); *Texas v. Google LLC*, 787 F. Supp. 3d 357, 383 (E.D. Tex. 2025) ("The Seventh Amendment therefore applies to determining liability for civil-penalty remedies."); *see also Sun Valley Orchards, LLC v. U.S. DOL*, 148 F.4th 121 (3d Cir. 2025) (holding that a farm was entitled to present its challenge to Department of Labor penalties in an Article III court).

Norcave is similarly entitled to vindicate its constitutional right, particularly because the IRS is the one trying to assert penalties against

Norcave as a taxpayer. "The Constitution's promises of due process and a jury trial . . . are not exactly tools of expedition, but they foster thoughtful deliberation and help us ensure that we reach the right answers when we need them most." *Utah v. Su*, 109 F.4th 313, 321 (5th Cir. 2024); *see also Thomas v. Humboldt Cnty.*, --- U.S. ---, 2025 WL 2906470, at *2 (Oct. 14, 2025) (Gorsuch, J., respecting the denial of certiorari) ("When a federal agency accuses someone of fraud and seeks civil penalties, the Seventh Amendment guarantees that individual the right to have the case heard by a jury of his peers—not by other agency officials who work side by side with those bringing the charges.").

In fact, the federal government has previously admitted that the right to a jury trial applies to similar penalties. In *United States v. Sagoo*, the government sought to "collect civil penalties against Ms. Sagoo for her failure to report timely her financial interests in foreign bank accounts." No. 4:24-CV-01159-O, 2025 WL 2689912, at *1 (N.D. Tex. Sept. 19, 2025). The district court noted: "Following the Supreme Court's recent decision in *SEC v. Jarkesy*, the Government concedes that Ms. Sagoo is entitled to a Seventh Amendment civil jury trial." *Id.* at *3

(citing the government's brief filed in response to the defendant's motion to dismiss).

There is no dispute that the penalties at issue in this case are similarly legal in nature.

## B. The public rights exception does not supersede the Seventh Amendment.

Although admitting that the penalties are civil and legal in nature, the IRS pled below that "[t]here is no constitutional right to a jury trial in matters encompassed within the public rights exception to the Seventh Amendment." (ROA.60 ¶ 1). That position is inconsistent with the government's position in *Sagoo*. 2025 WL 2689912, at *3. But regardless, to the extent the IRS seeks to pursue the argument before this Court, that argument is wrong.

The public rights exception allows Congress "to assign certain matters to agencies for adjudication even though such proceedings would not afford the right to a jury trial." *Jarkesy*, 603 U.S. at 120. But the exception only applies to "distinctive areas involving governmental prerogatives" in which a matter can be resolved without a jury. *Id.*

Notably, if a suit "is in the nature of an action at common law, then the matter presumptively concerns private rights." *Id.* at 128. And

"what matters is the substance of the suit, not where it is brought, who brings it, or how it is labeled." *Id.* at 135. Because the SEC's claims in *Jarkesy* were "modeled on common law fraud" and provided "a type of remedy available only in law courts," the public rights exception did not apply. *Id.* at 136.

So too here. The IRS admitted that the penalties are legal in nature. Separate and apart from the underlying *taxes* (which may involve a public right), this case is solely about *penalties* (which generally involve private rights). The issue here is whether the IRS can obtain penalties against Norcave for fraud or misvaluation. "This is a common law suit in all but name." *Id.* Therefore, the public rights exception does not apply.

Indeed, the public rights doctrine is a "narrow exception" to the Seventh Amendment that "applies only to matters that 'historically could have been determined exclusively by [the executive and legislative] branches.'" *AT&T*, 149 F.4th at 500 (quoting *Jarkesy*, 603 U.S. at 128). "[E]ven with respect to matters that arguably fall within the scope of the 'public rights' doctrine, the presumption is in favor of Article III courts." *Id.* (quoting *Jarkesy*, 603 U.S. at 132).

In its argument below, the IRS did not cite any case, from any jurisdiction, at any time, that applied the exception to an assertion of penalties. However, the IRS did cite *United States v. McMahan*, where this Court said there was "no question" that an action seeking collection of a penalty was "a suit at common law" that created the right to a jury trial. 569 F.2d 889, 891, 892 (5th Cir. 1978). That holding entirely supports Norcave's position.

Further, the IRS's characterization of the penalties assessed against Norcave as a "collection of revenue" goes too far. (*See* ROA.100). Delinquent taxes owed to the government may involve the collection of revenue, but the imposition of penalties does not. If all penalties and punitive fees assessed by the government were considered a "collection of revenue," then the government could deprive citizens of their right to a jury trial in every case concerning criminal or civil restitution. Surely the Seventh Amendment protects the foundational right to a jury trial when the government seeks to punish someone, even if that punishment includes money changing hands. In fact, the penalties at issue in *Jarkesy* and *AT&T* were monetary penalties—and were still subject to the

Seventh Amendment.[6]  *Jarkesy*, 603 U.S. at 119 ("a civil penalty of $300,000"); *AT&T*, 149 F.4th at 496 ("a $57,265,625 penalty").  Neither those penalties nor the ones at issue here concern public rights.

The IRS also argued below that Norcave could not be harmed because *other* taxpayers under *other* procedures facing *other* penalties may have a right to a jury trial.  (*See* ROA.94).  Specifically, the IRS contended that some individual partners of the company may be able to eventually pay individual penalties, file suit, and request a jury trial.  (*Id.*).  That argument ignores the fact that a partner could raise personal penalty defenses but could not contest the existence or validity of Norcave's penalties.  26 C.F.R. § 301.6226-3(d)(1).  Further, personal penalty defenses are not available for the gross valuation penalty at all.  26 U.S.C. §§ 6662(h), 6664(c)(3).

But more importantly, this case is about Norcave, and there is no dispute that the IRS will not permit a jury to hear Norcave's defenses against the specific penalties asserted against it.  (*See* ROA.8 ¶ 19

_____

[6] The opinions in *Jarkesy* and *AT&T* also dispel the IRS's argument about sovereign immunity.  (*See* ROA.101-02).  Both cases involved actions against a government agency, and those claims were not barred by sovereign immunity.  An attempt to exercise a constitutional right is not an action against the sovereign at all.

("Regardless of whether Norcave challenges the IRS's attempted imposition of penalties in Tax Court, the Court of Federal Claims, or a United States District Court, it will not have the opportunity for a jury trial."); *see also* ROA.61 ¶ 19 ("The United States admits the allegations in paragraph 19.")). Whatever rights other entities or individuals may have, Norcave has its own constitutional rights, including the right to a jury trial under the Seventh Amendment. And it has the right to pursue that now. *Sagoo*, 2025 WL 2689912, at *3-4. If this Court denies Norcave that right, Norcave will *never* have another opportunity to do so.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be reversed.

This the 8th day of December, 2025.

Respectfully submitted,

/s/ Kip D. Nelson
Kip D. Nelson
Fox Rothschild LLP
230 N. Elm Street
Suite 1200
Greensboro, NC 27401
(336) 378-5200

/s/ Meeren Amin
Meeren Amin

Fox Rothschild LLP
2020 K Street NW
Suite 500
Washington, DC 20006
(202) 794-1271

*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, I electronically filed the foregoing with the Clerk of the Court of the United States Couret of Appeals for the Fifth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ Kip D. Nelson
Kip D. Nelson

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7) because it contains 5,437 words, excluding the parts of the brief exempted by Rule 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

Respectfully submitted,

/s/ Kip D. Nelson
Kip D. Nelson

Dated: December 8, 2025