

**U.S. Department of Justice**
**Civil Division**
**Tax Litigation Branch**

*Telephone No.(202) 514-3361*        *Please reply to: Appellate Section*
*Facsimile No. (202) 514-8456*                    *P.O. Box 502*
*Appellate.Taxcivil@usdoj.gov*                *Washington, D.C. 20044*

JW:JMR:DCRennie
DJ#5-33-5307
CMN 2025100600                      May 28, 2026

Lyle W. Cayce
Clerk of Court
United States Court of Appeals
 for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
Suite 115
New Orleans, LA 70130-3408

   Re: *Norcave Props., LLC v. IRS* (5th Cir. – No. 25-30542)

Dear Mr. Cayce:

   Pursuant to Fed. R. App. P. 28(j), we write in response to the appellant's letter advising this Court of its own decision in *Intuit, Inc. v. FTC*, 170 F.4th 411 (5th Cir. 2026).

   The *Intuit* decision has little relevance here. In that case, the FTC abandoned federal court and commenced an administrative proceeding before its own ALJ seeking to prohibit Intuit from engaging in allegedly deceptive advertising. *Id.* at 414. An ALJ adjudicated the case and ruled in the FTC's favor, issuing a "cease and desist" order. *Id.* Intuit appealed to this Court, arguing that the FTC's deceptive-advertising claims involved "private rights" that had to be adjudicated before an Article III court rather than an ALJ. *Id.* at 414–15. This Court agreed. *Id.* at 414–26. In doing so, it rejected the FTC's attempt to analogize the claims to "cases implicat[ing] well-known public-rights exceptions," such as "revenue collection." *Id.* at 424 (citation omitted).

   As we explained in our brief (pages 14-15, 30-37), this Court has already held that the tax penalties at issue here implicate revenue collection and may be imposed administratively. *See Walker v. United States*, 240 F.2d

601, 604 (5th Cir. 1957) (citing *Helvering v. Mitchell*, 303 U.S. 391, 402 (1938)).  *Intuit* does not address that authority or otherwise call it into doubt.

Moreover, *Intuit* does not address the Anti-Injunction Act, 26 U.S.C. § 7421(a), or the tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  As we explained in our brief (pages 13–14, 16–30), those statutes bar the present suit because it targets tax obligations.  If this Court agrees, it need not reach the appellant's Seventh Amendment arguments.

Sincerely yours,

/s/Douglas C. Rennie

DOUGLAS C. RENNIE
Attorney
Appellate Section